### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 13 |
| | : | |
| JAMES C. SOMMAR | : | |
| CHRISTINE M. SOMMAR | : | Case No. 20-10850 (MDC) |
| | : | |
| Debtors | : | |

**DEBTORS' OBJECTION TO THE EDWARD G. MURPHY PROFIT SHARING AND RETIREMENT PLAN, EDWARD MURPHY, PLAN ADMINISTRATOR'S PROOF OF CLAIM**

TO THE HONORABLE MAGDELINE D. COLEMAN, CHIEF, U.S. BANKRUPTCY JUDGE:

Debtors, James C. and Christine M. Sommar, by and through their attorneys, Wetzel Gagliardi & Fetter LLC, hereby object to the proof of claim filed by the Edward G. Murphy Profit Sharing and Retirement Plan, Edward Murphy, Plan Administrator (hereinafter "Plan")[1], and in support thereof, aver the following:

1. On February 12, 2020 (the "Petition Date"), the Debtors filed for protection under Chapter 13 of the Bankruptcy Code.

2. At Schedule "E/F" of the Debtors' Petition, the Plan is listed as a Creditor with a claim in the amount of $34,000.00. *See* Schedule "E/F", attached as Exhibit "A".

3. On April 20, 2020, the Plan filed a Proof of Claim alleging an amount due of $126,873.67. *See* Proof of Claim filed as Claim Number 13, attached as Exhibit "B".

---

1 The Debtors' agreement which gives rise to this claim is with the entity known as the E.G. Murphy, III, Inc. Profit Sharing & Retirement Plan and not the entity as named in Proof of Claim #13. All references to the Plan are to the entity known as the E.G. Murphy, III, Inc. Profit Sharing & Retirement Plan.

1

## BACKGROUND

4. On September 7, 2006, Debtors entered into an agreement (hereinafter referred to as the Agreement) to pay the Plan the outstanding balance ($45,800.00) on certain Promissory Notes at an Annual Percentage Rate of interest as set forth in the Agreement and attached amortization schedule. *See* Agreement attached hereto as Exhibit "C" and incorporated herein by reference.

5. Pursuant to the Agreement and in pertinent part, (a) payments were to be made monthly on the outstanding principal and interest; (b) interest on the outstanding balance was initially calculated at the Annual Percentage Rate ("APR") equal to the Prime Rate (that is published regularly in the Wall Street Journal) plus .5% and the initial interest rate was 8.75%; (c) the interest component of the monthly payments shall be modified each September 7 to reflect any change in the APR and that such interest rate shall not be changed to less than 8% nor greater than 16%. *See id.*

6. Debtors made payments to the Plan in the amount of $574.00/month from October 7, 2006 through November 7, 2010, at which time the outstanding balance due under the Agreement was $30,746.76. (See amortization schedule attached as Exhibit "D", which reflects the changed APR to 8% as applied to the outstanding principal as of the September 7, 2008 rate change).

7. From November 7, 2010 to December 6, 2014 interest accrued on the then outstanding principal balance ($30,746.76) in the amount of $10,034.38.

8. From November 7, 2010 to December 6, 2014, Debtors made payments to the Plan in the amount of $11,000 as follows: on October 29, 2013 ($1,000 – check No.6927), on July 11, 2014 ($2,000 – check no. 7024), on August 13, 2014 ($2,000 – check

2

no.7038), on October 8, 2014 ($2,000 – check no. 7058), on December 6, 2014 ($4,000 - check no. 7116), $10,034.38 of which was payment of the outstanding interest due as of December 6, 2014 and 965.61 of which reduced the outstanding principal to $29,781.14. *See* copies of referenced checks attached hereto as Exhibit "E".

9. From December 6, 2014 to December 10, 2014 interest accrued on the then outstanding principal balance ($29,781.14) in the amount of $26.10.

10. On December 10, 2014, Debtors made a payment to the Plan in the amount of $2,000 (check no.7122), $26.10 of which was payment of the outstanding interest due as of December 10, 2014 and $1,973.90 of which reduced the outstanding principal to $27,807.24. *See* copies of referenced check attached hereto as Exhibit "F".

11. From December 10, 2014 to January 21, 2015 interest accrued on the then outstanding principal balance ($27,807.24) in the amount of $255.97.

12. On January 21, 2015, Debtors made a payment to the Plan in the amount of $2,000 (check no.7130), $255.97 of which was payment of the outstanding interest due as of January 21, 2015, and $1,744.03 of which reduced the outstanding principal to $26,063.21. *See* copies of referenced check attached hereto as Exhibit "G".

13. From January 21, 2015 to January 21, 2020 interest accrued on the then outstanding principal balance ($26,063.21) in the amount of $10,488.11.

14. From December 18, 2015 to October 25, 2017, Debtors made payments to the Plan in the amount of $2,000 as follows: on December 18, 2015 ($500 – check No.7169), on January 17, 2016 ($500 – check no. 7183), on March 8, 2016 ($500 – check No. 7212), and on October 25, 2017 ($500 – check no. 7327), all of which was payment the reducing the outstanding interest due to $8,488.11, resulting Debtors obligation under the

3

Agreement to $34,551.32.  *See* copies of referenced checks attached hereto as Exhibit "H".

15. From January 21, 2020 to the Petition Date, interest accrued on the then outstanding principal balance ($34,551.32) in the amount of $230.00 resulting in a total amount due to the Plan of principal and interest as of the Petition date of $34,781.00.

16. On December 31, 2015, the Plan filed a Complaint in the Montgomery County Court of Common Pleas against the Debtors seeking a judgment against the Debtors based on the amount alleged to be due in its proof of clam.  *See* copy of electronic docket for Montgomery County Court of Common Pleas Case No. 2015-33145 attached hereto as Exhibit "I".

17. On May 29, 2019, the Court of Common Pleas of Montgomery County issued an order upon consideration of the Plan's motion for summary judgment stating, in pertinent part, that the Debtors, "are jointly and severally liable to Plaintiff Edward G. Murphy III Profit Sharing and Retirement Plan for the unpaid balance of principal and interest due under the letter agreement attached as Exhibit "C" to the Motion, which amounts are to be determined at trial."  *See* Judge Jeffrey S. Saltz's order, attached hereto as Exhibit "J".

18. The Montgomery County action was stayed upon the filing of the Debtors' bankruptcy.

19. Pursuant to Judge Saltz's order, the amount is dispute between the parties, consisting of principal and interest, is to be calculated based on the referenced letter agreement, which is attached herein at Exhibit "C".

20.     The letter agreement does not state that late fees are assessed upon default and, therefore, the Plan is not entitled to any late fees under the Agreement.

21.     The letter agreement states that the Debtors "shall be responsible for the costs of collection" but offers no further guidance regarding how to calculate said costs. *See* Exhibit "C" at end of second paragraph.

## OBJECTION

22.     A proof of claim is deemed allowed unless a party in interest objects.  *See* 11 U.S.C. Section 502(a).

23.     The objecting party carries the burden of going forward with evidence in support of its objection which would refute at least one of the allegations that is essential to the claim's legal sufficiency.  *See id. citing In re Allegheny International, Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992).

24.     Absent the application of the presumption of *prima facie* validity, the burden of going forward and proving its claim by a preponderance of the evidence remains on the claimant.  *See id. citing In re Porter*, 374 B.R. 471, 483 (Bankr. D. Conn. 2007); *In re Tran*, 369 B.R. 312, 317-318 (Bankr. S.D. Tex. 2007).

25.     The Plan's proof of claim fails to properly credit the Debtor's payments of $17,000.00 between October 29, 2013 and the Petition Date.

26.     The Plan's proof of claim fails to properly calculate principal and interest pursuant to Judge Saltz's order, instead stating that, as of the Petition Date, principal was due in the amount of $41,319.99 and interest was due in the amount of $46,507.16 for a total of $87,827.15.

27. The Plan's proof of claim includes $2,236.60 in "late fees" which are not principal, interest or a cost of collection and should be disallowed.

28. The Plan's proof of claim includes $377.33 in "record costs" which are not explained and without further support or explanation which would characterize such costs as a permissible cost of collection, should be disallowed.

29. The Plan's proof of claim includes $36,432.59 in "non-record attorney fee cost of collection" which, without further support or explanation, cannot be considered a reasonable cost of collection and should be disallowed.

30. The amount due to the Plan is properly calculated as principal and interest due to the Plan as of the Petition date in the amount of $34,781.00.

## SETOFF

31. At Schedule A/B, line 38 of the Debtors' petition, the Debtors disclosed a receivable due from Edward G. Murphy, III[2] as an asset owed to the Debtor. *See* Schedule A/B with explanatory attachment, attached hereto as Exhibit "K".

32. Specifically, James C. Sommar's law partner and brother, Kevin J. Sommar represented Edward G. Murphy, III ("Murphy") in a Montgomery County Court of Common Pleas action and incurred legal expenses in the amount of $25,560.54 as set forth on Invoice #: 25641 and $1,508 as set forth on Invoice #: 25717. *See* redacted Invoices attached hereto as Exhibit "L".

33. As agreed between Murphy and Kevin J. Sommar, the outstanding amount due pursuant to the Invoices was a credit against any obligation of the Debtors to the Estate of Jeanne E. Murphy (Claim #12 in this bankruptcy proceeding) and/or the Plan.

---

[2] Edward G. Murphy, III is the Executor of the Estate of Jeanne E. Murphy (Claim #12) and the Plan's Administrator.

34. Kevin J. Sommar agreed that he would treat the bills as being satisfied by Murphy, which the firm partnership would treat as a receipt and distribution to the Debtor, which in turn would be treated as a payment to either the Estate or the Plan. *See* Kevin J. Sommar's June 28, 2017 email to Murphy as redacted, a copy of which is attached hereto as Exhibit "M".

35. Relying on Murphy's agreement on behalf of himself and the Plan, Murphy's aforesaid obligations totaling $27,068.54 were assigned by the Sommar, Tracy & Sommar law partnership to the Debtor who included those amounts as part of his 2017 ($25,560.54) and 2019 ($1,508.00) compensation and as income for those tax years.

36. As a result of the aforementioned setoff, the Plan's claim should be reduced by $27,068.54 plus interest as applicable.

37. In the alternative, if this Court deems that the receivable is owed by Murphy individually as opposed to the Plan or Estate, then the non-exempt receivable must be liquidated for the benefit of the Debtors' creditors.

38. Rather than liquidate said asset and given the relationship of the parties involved herein, the Debtors request that this Court liquidate the receivable by allowing it to act as a credit herein against the claim of the Estate and/or the Plan.

## CONCLUSION

39. The Debtors believe that Claim #13 in this matter held by the E.G. Murphy, III, Inc. Profit Sharing & Retirement Plan should be allowed in the amount of $34,781.00 as Principal and Interest less a set off in the amount of $27,068.54 plus interest as applicable.

WHEREFORE, the Debtors respectfully request that the Plan's claim be allowed in an amount consistent with the foregoing Objection and such other relief as this Court deems just and proper.

        WETZEL GAGLIARDI FETTER & LAVIN LLC

BY:   /s/ John A. Gagliardi
       John A. Gagliardi, Esquire
       101 E. Evans Street – Ste. A
       West Chester, PA 19380
       Phone:   (484) 887-0779
       jgagliardi@wgflaw.com

Date: June 1, 2020