### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 13 |
| JAMES C. SOMMAR<br>CHRISTINE M. SOMMAR | Case No. 20-10850 (MDC) |
| Debtors | |

### STIPULATED ORDER

This stipulated order (the "Stipulated Order") is made this 4th day of December, 2020, by and among James C. Sommar and Christine M. Sommar ("Debtors") and the Edward G. Murphy Profit Sharing and Retirement Plan[1] ("Plan"), Edward G. Murphy, III, and the Estate of Jeanne E. Murphy, Deceased[2] ("Estate")(collectively "Parties"), through their respective counsel, as follows:

WHEREAS, the Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on February 12, 2020, which initiated this bankruptcy proceeding; and

WHEREAS, on April 20, 2020, the Plan filed a general unsecured Proof of Claim alleging an amount due of $126,873.67. *See* Proof of Claim filed as Claim Number 13, attached as Exhibit "A"; and

---

[1] Also known as the E.G. Murphy, III, Inc. Profit Sharing & Retirement Plan, the Edward G. Murphy III Profit Sharing and Retirement Plan, the Edward G. Murphy III Inc. Profit Sharing and Retirement Plan.

[2] Incorrectly referenced as the Estate of Jeanne *C.* Murphy, Deceased in the Montgomery County Court of Common Pleas (2015-33145) May 29, 2019 Order on Summary Judgment attached as Exhibit "J" to the Debtors' Objection to the Plan's Proof of Claim.

WHEREAS, on April 20, 2020, the Estate filed a general unsecured Proof of Claim alleging an amount due of $52,343.33.  *See* Proof of Claim filed as Claim Number 12, attached as Exhibit "B"; and

WHEREAS, on May 1, 2020, the Plan and the Estate filed an Objection to the Debtors' proposed Chapter 13 Plan; and

WHEREAS, on June 1, 2020, the Debtors filed an Objection to the Plan's Proof of Claim.  *See* Objection to Proof of Claim, attached as Exhibit "C"; and

WHEREAS, the Parties to this Stipulated Order recognize the cost, inconvenience and uncertainty associated with pursuing their claims and objections and instead desire to settle their disputes on the terms and conditions set forth in this Stipulated Order;

NOW, THEREFORE, with the foregoing background deemed incorporated herein by reference as if set forth at length, the Parties hereto, intending to be legally bound by this Stipulated Order, and in consideration of the mutual covenants and terms contained herein, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1. The Estate's and the Plan's Proofs of Claims shall be allowed as filed pursuant to the remaining terms of this Order.

2. The Debtors' confirmed Chapter 13 plan shall include the following terms as they have been incorporated into the Debtors' proposed amended plan filed contemporaneously herewith, incorporated herein and attached hereto as Exhibit "D":

(a) Part 5 General Unsecured Claims shall receive a distribution of no less than $170,000.00;

(b) Funding for the Debtors' Chapter 13 plan shall derive in part from the sale of their real estate interests in 210 S. Broad Street, Lansdale, PA 19446 and 20 Lincoln Ave. (Front), Lansdale, PA 19446 and the liquidation of their interest in the Sommar Tracy and Sommar Real Estate Partnership.  On or before November 30, 2021, the Debtors will sell their real property interest in either 210 S. Broad Street or 20 Lincoln Avenue (Front); on or before November 30, 2022, the Debtors will sell their real property interest in the remaining property of the two.  On or before February 15, 2023, the Debtors will liquidate their interest in the Sommar Tracy and Sommar Real Estate Partnership;

(c) The Debtors' failure to close on the sale of the real estate as enumerated in the above paragraph shall be grounds to allow the Plan, the Estate, the Trustee or any party in interest to motion for relief from the automatic stay provisions of 11 U.S.C. Section 362 or dismiss as may be appropriate;

(d) Regarding the real estate to be sold pursuant to paragraph (b), the Debtors (i) shall remain current with all real estate tax obligations which become due post-petition and (ii) shall be permitted to pay the Montgomery County Tax Claim Bureau's claims (Claims 7, 8 and 9 in this matter) inclusive of accrued post-petition interest at closing from sale proceeds;

(e) Debtors may amend their plan or motion to modify their plan as may be appropriate but may not materially alter the terms of their plan so as to be inconsistent with the terms of this Order and proposed plan attached as Exhibit "D".

3. Upon the expiration of fourteen (14) days after the entry of an order for relief, an order converting to a Chapter 7 proceeding or an order dismissing the captioned proceeding, the Plan and the Estate shall enter judgment by consent against the Debtor and/or Co-Debtor as may be appropriate in the Court of Common Pleas of Montgomery County, Pennsylvania Civil Action Number 2015-33145 in the following amounts and in the form set forth in Exhibit "E" attached:

(a) judgment in favor of the Estate of Jeanne E. Murphy, Deceased and against James C. Sommar, individually, in the amount of $52,343.33 less payments received;

(b) judgment in favor of the Edward G. Murphy Profit Sharing and Retirement Plan and against James C. Sommar and Christine M. Sommar, jointly and severally, in the amount of $61,556.67 less payments received; and

(c) exercise any other right or remedy available to the Plan or the Estate consistent with these judgments in these amounts.

(d) The consent judgments entered consistent with this Order and as attached as Exhibit "E" shall be the sole remedy available to the Plaintiffs in the Montgomery County, Pennsylvania proceeding (2015-33145) thereby ceasing any and all litigation among the Parties which were the subject of said dispute.

4. This Stipulated Order shall be binding upon the Parties hereto, their respective heirs, successors, assigns, executors, administrators, trustees and legal and personal representatives.

5. This Stipulated Order may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute but one and the same instrument.

IN WITNESS WHEREOF, the Parties hereto have authorized their counsel to execute this Stipulated Order and the Debtors as well on their own behalf have caused this Stipulated Order to be executed this _____ day of _____, 2020.

| | | |
|---|---|---|
| Dated: December 4, 2020 | BY: | s/James C. Sommar<br>James C. Sommar |
| Dated: December 4, 2020 | BY: | s/Christine M. Sommar<br>Christine M. Sommar |
| Dated: December 4, 2020 | BY: | s/John A. Gagliardi<br>John A. Gagliardi, Esquire<br>Wetzel Gagliardi Fetter & Lavin LLC<br>Attorneys for Debtors |
| Dated: December 4, 2020 | BY: | s/William D. Schroeder, Jr.<br>William D. Schroeder, Jr., Esquire<br>Attorney for Edward G. Murphy, III, individually and as the Executor of the Estate of Jeanne C. Murphy, Deceased and as the Administrator of the Edward G. Murphy Profit Sharing and Retirement Plan |
| Dated: December 8, 2020 | BY: | /s/LeeAne Huggins<br>LeeAne Huggins, Esq.<br>Chapter 13 Standing Trustee,<br>William C. Miller |

    No Objection - Without Prejudice to Any Trustee Rights or Remedies

**APPROVED AND SO ORDERED THIS** __28th__ **DAY OF** _____December_____**, 2020.**

BY THE COURT:

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge